(No. 12343.—Judgment affirmed.)

THE PEOPLE *ex rel.* C. J. Kjellquist, County Collector, Appellee, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed February 20, 1919.*

This case is controlled by the decision in *People* v. *Chicago and Northwestern Railway Co.* 286 Ill. 384.

APPEAL from the County Court of Winnebago county; the Hon. L. M. RECKHOW, Judge, presiding.

CHARLES A. VILAS, (JAMES C. DAVIS, of counsel,) for appellant.

WILLIAM JOHNSON, State's Attorney, SHELBY L. LARGE, and A. B. LOUISON, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The Chicago and Northwestern Railway Company appealed from a judgment of the county court of Winnebago county in the sum of $1343.42, the amount of a tax levied by the board of education of the non-high-school district of

that county, with interest, penalties and costs, against the property of the railway company.

The only question involved in this case is the constitutionality of sections 93, 94 and 96 of "An act to establish and maintain a system of free schools," as amended by an act of the legislature of the State of Illinois approved June 22, 1917. (Laws of 1917, pp. 741-744.)

In the stipulation of facts in this case it is recited that the tax objected to is for the year 1917, and among other things it is further stipulated that during said school year there were 363 eighth grade graduates residing in said non-high-school district who attended some high school within the State of Illinois and 26 who attended high school in the city of Beloit, Wisconsin, whose tuition was paid or assumed by said non-high-school board of education pursuant to the provisions of said sections of the School act. Appellant made no objection to the inclusion of the tuition of the 26 eighth grade graduates who attended the high school in Wisconsin as a part of the school taxes of said district. It is even contended by appellant that within the meaning of said sections of the School law the tuition of said 26 students was properly included as a part of said school taxes, and that conclusion is used as a foundation for one of appellant's arguments that said sections of the School law are void. This contention of appellant and all of its other contentions with reference to the constitutionality of the act were made and argued by it in the case of *People* v. *Chicago and Northwestern Railway Co.* 286 Ill. 384, in which this court held the act valid and not subject to such objections. Said decision of this court is conclusive in this case, and for the reasons there given the judgment of the county court is affirmed.

*Judgment affirmed.* ·